IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JOHN W. BARTLETT,
BARBARA C. BARTLETT,

    Plaintiffs,

v.                                                       CASE NO. 1:10-cv-1620-PWG

DENNIS G. PRESTON, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Before the court is defendant Brenda Preston's motion to dismiss (doc. 97), which the court has construed as one seeking summary judgment under Rule 56. *See* Doc. 108. Plaintiff was given an opportunity to respond and filed a response (doc. 111). Defendant did not file a reply. The matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b); the General Orders of Reference dated July 25, 1996 and May 8, 1998, as amended July 27, 2000; and Rule 72 of the *Federal Rules of Civil Procedure*. Having considered the foregoing, the undersigned recommends as follows:

### Factual and Procedural Background[1]

Defendant Dennis G. Preston ("Dennis") owns two companies, DAAK, Inc. ("DAAK") and D&S Propane, Inc. ("D&S Propane"), which are domestic corporations formed to sell

---

[1] At summary judgment, the court views the facts in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The court therefore does so here, drawing those facts from the pleadings, depositions, and other evidentiary materials on file. Most of the facts in this case are undisputed. Nevertheless, what are stated as "facts" herein for purposes of summary judgment review may not be the actual facts nor all of the facts. *See Crawford v. Carroll*, 529 F.3d 961, 964 n.1 (11th Cir. 2008).

propane gas to residential and commercial customers. Dennis, his wife Joan Preston ("Joan"), and their son Dennis S. Preston ("Scotty") (collectively "the Prestons") operate the business. Neither DAAK nor D&S Propane adhere to the requisite corporate formalities or legal requirements. Doc. 79 ¶¶ 15–16.

In February 2009, Dennis solicited John W. Bartlett ("John") and Barbara C. Bartlett ("Barbara") (collectively "the Bartletts" or "plaintiffs") to purchase a fifty-percent interest in DAAK, representing that they would expand the business into Georgia and use the Bartletts' land to hold the additional propane and tanks. The two agreed on a purchase price of $400,000, which the Bartletts paid to the Prestons in three installments. *Id.* at ¶ 18, 21–22, 24–26, 28.

The Prestons then allegedly used all or most of the proceeds for their personal benefit or fraudulently conveyed the same. DAAK's business and accounting records indicated that the Prestons were wrongfully diverting the business funds for personal use, had been hiding cash receipts in order to avoid income and sales taxes, and had been improperly paying employees in cash under the table. *Id.* at ¶ 28, 31. A contract for the sale of the business was never signed. The Bartletts allege that they have not received any ownership interest or rights in the business, any monthly draws, or any value and compensation for their $400,000 payment to the Prestons.

Plaintiffs filed this action against the Prestons and the Prestons' family members: Malisa Dunson ("Malisa"), Bennie Kilgore ("Bennie"), Jack Norton ("Norton"), and Brenda Preston ("Brenda"). Plaintiffs asserted a claim against defendants Joan, Scotty, Malisa, Bennie, Jack, and Brenda under the Alabama Uniform Fraudulent Transfer Act ("AUFTA"), ALA. CODE § 8-9A-1 *et seq.*, to set aside certain transfers of plaintiffs' money to them and to ensure the collection of said funds.

Plaintiffs allege that the Prestons and DAAK transferred money obtained from the Bartletts to Brenda, including $5,252.83 to satisfy Brenda's automobile loan to American Honda GA.[2] Plaintiffs allege that this transfer was made while the Prestons and DAAK were indebted to plaintiffs, with the intent to hinder, delay, or defraud plaintiffs, and that they never received a reasonably equivalent value in exchange for the transfer. Further, they allege that Dennis Preston, DAAK, and D&S Propane became insolvent as a result of this and other transfers.

Defendant Brenda filed a *pro se* motion to dismiss the claim, arguing that there is insufficient evidence to support plaintiffs' claim against her. Because defendant presented matters outside of the pleadings, the court construed her motion to dismiss as a motion for summary judgment. *See* Doc. 108.

## **Standard of Review**

A moving party is entitled to summary judgment if there is no genuine dispute as to any material fact, leaving final judgment to be decided as a matter of law. *See* FED. R. CIV. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts, and any reasonable inference therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). Once met by the moving party, however, the burden shifts to the nonmovant to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). A party opposing a

---

[2] Plaintiffs also allege certain transfers were made to the other family member defendants. This report and recommendation concerns only plaintiffs' claim against Brenda Preston.

properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990).

## Legal Analysis

As an initial matter, defendant's motion is not evidence and defendant has not presented or identified any evidence that would permit judgment for her as a matter of law. However, even considering the statements made in defendant's pro se motion to dismiss as evidence in support of her arguments, she is not entitled to summary judgment.

Defendant's motion contains only factual assertions, with no citation to case law. First, defendant denies that any money was ever transferred to her by means of cash, check, or otherwise. Second, she admits that her 2005 Honda Accord was paid in full, but denies any knowledge of where the money that was used to pay the note originated, stating that she only knew that the note to American Honda, GA was paid by D&S Propane. Doc. 97 at 1. The court will construe these assertions as arguments that AUFTA requires either that the money be transferred directly to defendant or that she have knowledge of where the money used for the transfer originated.

A claim for fraudulent transfer under AUFTA states, "A transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor." ALA. CODE. § 8-9A-4(a). The creditor has a right to recover a fraudulent transfer from "the person for whose benefit the transfer was made . . . ." *Id.* § 8-9A-8. Nothing in AUFTA requires the transfer to be made directly to defendant or that defendant know where the money

used for the transfer originated.

The transfer made in this instance was clearly for defendant Brenda Preston's benefit, as it paid the outstanding debt on her 2005 Honda Accord. Plaintiffs have alleged that the payment of defendant's automobile loan was an actual fraudulent transfer under Ala. Code. § 8-9A-4, as well a constructive fraudulent transfer under Ala. Code § 8-9A-5. The issue under both provision is whether the original debtor, in this case the Prestons, intended to defraud the creditor. *See* 8-9A-4(a) (requiring that "the debtor made the transfer with actual intent to hinder, delay, or defraud . . . ."); 8-9A-5(a) (requiring that "the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer"). Neither provision even mentions or considers the transferee or beneficiary of the transfer.

It is undisputed that the money used to pay defendant's automobile loan came from plaintiffs. Defendant has not provided evidence which would entitle her to judgment as a matter of law; summary judgment is due to be denied.

## Conclusion

Having considered the foregoing, the undersigned finds that plaintiffs have established a genuine issue of material fact as to their claims. The undersigned recommends that defendant Brenda Preston's motion for summary judgment (doc. 97) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15)

days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

**DONE**, this 7th day of September, 2012.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE